**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DASHA DAVIS, Individually, and as** ) | |
| **Representative of the Estate of GARY J. SMITH,** ) | |
| **Deceased, and RAMAR BROWN,** ) | **Case No. 13 C_____** |
| ) | |
| **Plaintiffs,** ) | **Judge _____** |
| **v.** ) | |
| ) | **Magistrate Judge _____** |
| **CITY OF CHICAGO, Illinois, a Municipal** ) | |
| **Corporation, and UNKNOWN OFFICERS OF** ) | |
| **THE CHICAGO POLICE DEPARTMENT,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |

**CIVIL RIGHTS COMPLAINT**

Plaintiffs, DASHA DAVIS, Individually, and as Representative of the Estate of GARY J.

SMITH, Deceased, and RAMAR BROWN, by and through their attorneys, Irene K. Dymkar and

Torreya L. Hamilton, and complaining against defendants, CITY OF CHICAGO, Illinois, a

Municipal Corporation, and UNKNOWN OFFICERS OF THE CHICAGO POLICE

DEPARTMENT, state as follows:

**NATURE OF CLAIM**

1.      This action arises under the United States Constitution and the laws of the United

States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of

the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of

law.  Specifically here, defendants deprived plaintiffs of their rights under the Fourth and

Fourteenth Amendments to the United States Constitution.

2.     Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert

Illinois state claims alleged herein

## JURISDICTION AND VENUE

3.     Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4.     Venue lies in the United States District Court, Northern District of Illinois,

pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in

this jurisdiction.

## PARTIES

5.     Until the date of his untimely death, May 11, 2014, decedent GARY J. SMITH

was a resident of Chicago, Illinois.

6.      Plaintiffs, DASHA DAVIS and RAMAR BROWN, are the adult children and

sole heirs of GARY J. SMITH.  At all times herein mentioned, DASHA DAVIS and RAMAR

BROWN were and are citizens of the United States.

7.     DASHA DAVIS will prosecute this action individually and as the Representative

of the Estate of GARY J. SMITH, Deceased.  Plaintiff DASHA DAVIS was and is a resident of

Chicago, Illinois. and resides within the jurisdiction of the Court.

8.     At all times herein mentioned, defendants UNKNOWN OFFICERS OF THE

CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the

Chicago Police Department and were acting under color of state law and as employees or agents

of the City of Chicago, Illinois.  Said defendants are being sued in their individual capacity.

9.     Defendant CITY OF CHICAGO is a municipal corporation, duly organized under

the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or

operated the Chicago Police Department and employed defendant police officers.

2

## STATEMENT OF FACTS

10.     On May 11, 2014, decedent GARY J. SMITH was near the intersection of West Madison Street and North Lotus Street in Chicago, Illinois.

11.     GARY J. SMITH was engaged in lawful activity when he was near the intersection of West Madison Street and North Lotus Street.

12.     One or more of defendant UNKNOWN OFFICERS, who were on duty, began pursuing GARY J. SMITH, causing him great fright.

13.      One or more of defendant UNKNOWN OFFICERS began shooting at GARY J. SMITH.

14.      One or more of defendant UNKNOWN OFFICERS shot at GARY J. SMITH multiple times.

15.     This shooting was an unwarranted, unjustifiable, and unreasonable use of force by defendant UNKNOWN OFFICERS against GARY J. SMITH.

16.     GARY J. SMITH received multiple gun shot wounds from the police shooting, which caused him great pain and suffering.

17.     One or more of defendant UNKNOWN OFFICERS deliberately failed to call for and obtain prompt medical attention for GARY J. SMITH as he lay bleeding on the ground.

18.     The multiple gunshot wounds from the shooting by one or more of defendant UNKNOWN OFFICERS ultimately led to GARY J. SMITH's tragic and untimely death.

19.     The killing of GARY J. SMITH by one or more of defendant UNKNOWN OFFICERS was without lawful cause or justification.

20.     One or more of defendant UNKNOWN OFFICERS assisted in committing the constitutional violations set forth herein, and they also stood by and failed to intervene in the

constitutional violations committed by others, although they had a reasonable opportunity to do so.

21.     Defendant UNKNOWN OFFICERS worked in concert and by agreement to violate the constitutional rights of GARY J. SMITH.  In addition, they have taken actions to cover up their use of excessive and deadly force, and have worked in concert and by agreement to do so.

22.     By reason of the above-described acts and omissions of the UNKNOWN OFFICERS, GARY J. SMITH sustained grave physical and emotional injuries, and great physical and emotional pain and suffering, prior to his death.  He also suffered grave physical and emotional injuries, and great physical and emotional pain and suffering, resulting in his loss of life.

23.     Plaintiffs DASHA DAVIS and RAMAR BROWN suffered the loss of their father as a result of the acts and omissions of the UNKNOWN OFFICERS, resulting in grief, emotional pain and suffering, and a loss of society, comfort, love, affection, support, protection, and other damages.

24.     The aforementioned acts of the UNKNOWN OFFICERS were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for GARY J. SMITH's health, safety, life, and rights, justifying the awarding of exemplary and punitive damages.

25.     Because of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights and

4

those of their deceased father.  By reason thereof, plaintiffs request payment by the individual

defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access

to Justice Act, or any other provision set by law.

**COUNT I**
**(42 U.S.C. §1983 – Fourth Amendment Excessive Force)**

26.　　Plaintiffs, DASHA DAVIS, Individually, and as Representative of the Estate of

GARY J. SMITH, Deceased, and RAMAR BROWN, incorporate and reallege paragraphs 1 - 25,

as though set forth herein in their entirety.

27.　　As described above, the force used by defendant UNKNOWN OFFICERS against

GARY J. SMITH was excessive, unnecessary, unreasonable, and without legal cause.

28.　　The use of force by defendant UNKNOWN OFFICERS was objectively

unreasonable under the totality of the circumstances.

29.　　Defendants' misconduct as described above proximately caused the severe

physical and emotional pre-death harm to, and the ultimate death of, decedent GARY J. SMITH.

30.　　By reason of the conduct of defendant UNKNOWN OFFICERS, plaintiffs,

DASHA DAVIS, Individually, and as Representative of the Estate of GARY J. SMITH,

Deceased, and RAMAR BROWN, were deprived of rights, privileges and immunities secured to

them by the Fourth and Fourteenth Amendments to the Constitution of the United States and

laws enacted thereunder.  Therefore, defendant UNKNOWN OFFICERS, and each of them, is

liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT II
### (42 U.S.C. §1983 – Fourth Amendment Wrongful Death)

31.     Plaintiffs, DASHA DAVIS, Individually, and as Representative of the Estate of

GARY J. SMITH, Deceased, and RAMAR BROWN, incorporate and reallege paragraphs 1 - 25,

as though set forth herein in their entirety.

32.     As described above, the force used by defendant UNKNOWN OFFICERS against

GARY J. SMITH was excessive, unnecessary, unreasonable, and without legal cause.

33.     The use of force by defendant UNKNOWN OFFICERS was objectively

unreasonable under the totality of the circumstances.

33.     Defendants' misconduct as described above proximately caused the severe

physical and emotional harm to, and the ultimate death of, decedent GARY J. SMITH, and the

damages and loss suffered by his children.

34.     By reason of the conduct of defendant UNKNOWN OFFICERS, plaintiffs,

DASHA DAVIS, Individually, and as Representative of the Estate of GARY J. SMITH,

Deceased, and RAMAR BROWN, were deprived of rights, privileges and immunities secured to

them by the Fourth and Fourteenth Amendments to the Constitution of the United States and

laws enacted thereunder.  Therefore, defendant UNKNOWN OFFICERS, and each of them, is

liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT III
### (42 U.S.C. §1983 – Failure to Intervene)

35.     Plaintiffs, DASHA DAVIS, Individually, and as Representative of the Estate of

GARY J. SMITH, Deceased, and RAMAR BROWN, incorporate and reallege paragraphs 1 - 25,

as though set forth herein in their entirety.

6

36.     One or more defendant UNKNOWN OFFICERS were present when the constitutional rights of decedent GARY J. SMITH were violated.

37.     Defendant UNKNOWN OFFICERS had reason to know that the conduct of other officers was unconstitutional.

38.     Defendant UNKNOWN OFFICERS had a reasonable opportunity to prevent said abuse and injury from occurring, but did not do so.

39.     By reason of the conduct of defendant UNKNOWN OFFICERS, plaintiffs, DASHA DAVIS, Individually, and as Representative of the Estate of GARY J. SMITH, Deceased, and RAMAR BROWN, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT IV**
**(42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights)**

40.     Plaintiffs, DASHA DAVIS, Individually, and as Representative of the Estate of GARY J. SMITH, Deceased, and RAMAR BROWN, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

41.     Defendant UNKNOWN OFFICERS reached an express or implied agreement to violate decedent GARY J. SMITH's constitutional rights as described in the preceding paragraphs.

42.     Defendant UNKNOWN OFFICERS then further conspired to cover up their own and each others' misconduct with respect to decedent.

7

43.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

44.     By reason of the conduct of defendant UNKNOWN OFFICERS, plaintiffs, DASHA DAVIS, Individually, and as Representative of the Estate of GARY J. SMITH, Deceased, and RAMAR BROWN, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT V
### (Illinois State Claim - Indemnification -735 ILCS 10/9-102)

45.     Plaintiffs, DASHA DAVIS, Individually, and as Representative of the Estate of GARY J. SMITH, Deceased, and RAMAR BROWN, incorporate and reallege paragraphs 1 - 25, as though set forth herein in their entirety.

46.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

47.     Defendant UNKNOWN OFFICERS were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

48.     Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.


WHEREFORE, Plaintiffs, DASHA DAVIS, Individually, and as Representative of the Estate of GARY J. SMITH, Deceased, and RAMAR BROWN, by and through their attorneys, Irene K. Dymkar and Torreya L. Hamilton, request judgment as follows against defendants,

8

CITY OF CHICAGO and UNKNOWN OFFICERS OF THE CHICAGO POLICE

DEPARTMENT on the claims as set forth above, and specifically:

A.   That defendants be required to pay plaintiffs general compensatory damages, including but not limited to damages for pre-death physical and emotional injuries, the loss of life, all the emotional pain and suffering, including loss of society, comfort, love, affection, support, protection, and all other damages that have resulted to decedent's heirs from their father's death, in sums to be ascertained at a trial of this matter,

B.   That defendants be required to pay plaintiffs special damages, including but not limited to medical and funeral expenses, and other computable damages, in sums to be ascertained at a trial of this matter,

C.   That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in sums to be ascertained at a trial of this matter,

F.   That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

G.   That defendants be required to pay plaintiffs' costs of the suit herein incurred, and

H.   That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**


Dated: May 11, 2015                          /s/      Irene K. Dymkar
                                                      Irene K. Dymkar


Attorneys for Plaintiffs:

Irene K. Dymkar                              Torreya L. Hamilton
Law Offices of Irene K. Dymkar              Hamilton Law Office, LLC
53 West Jackson, Suite 562                  53 West Jackson, Suite 452
Chicago, IL 60604-3420                      Chicago, IL 60604-3419
(312) 345-0123                              (312) 726-3173